UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**JOHANNS MIRANDA-PIZARRO,**

**Plaintiff,**

**v.**                                                     CIVIL ACTION NO. 24-cv-11547-IT

**SHERIFF JOSEPH D. MCDONALD, JR., and
SUPERINTENDENT ANTONE MONIZ,**

**Defendants.**

**ORDER**

July 29, 2024

**TALWANI, D.J.**

Before the court is Johanns Miranda-Pizarro's <u>Complaint</u> [Doc. No. 1], <u>Application to
Proceed in District court without Prepaying Fees or Costs</u> [Doc. No. 2], and <u>Motion to Appoint
Counsel</u> [Doc. No. 5]. After review of Miranda-Pizarro's filings, the court rules as follows:

1. **The Application to Proceed in Forma Pauperis**

The Application to Proceed without Prepayment of Fees or Costs is PROVISIONALLY
ALLOWED. "A prisoner seeking to bring a civil action . . . without prepayment of fees or
security therefor . . . shall submit a certified copy of the trust fund account statement (or
institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing
of the complaint . . . obtained from the appropriate official of each prison at which the prisoner
is or was confined." 28 U.S.C. § 1915(a)(2). The court assesses no initial filing fee pursuant to
28 U.S.C. §1915(b)(1)(a) based upon the incomplete prison account statement and Miranda-
Pizarro's current representations as to his continued lack of funds. Miranda-Pizarro **shall by
August 19, 2024**, file a complete prison account statement that covers the period of time from
April 29, 2024, through June 12, 2024, to allow for a six-month lookback from the filing of the

complaint as required by 28 U.S.C. § 1915(a)(2). Failure to comply with this order may result in revocation of in forma pauperis status. Unless the account statement requires modification of the initial assessment, the remainder of the fee, $350.00, shall be collected in accordance with 28 U.S.C. §1915(b)(2).

### 2. Screening of the Complaint

#### a. Miranda-Pizarro's Complaint is Subject to Screening under 28 U.S.C. § 1915

The Complaint is subject to screening pursuant to 28 U.S.C § 1915(e)(2) because Miranda-Pizarro is proceeding in forma pauperis. Under that statute, the court must dismiss an action to the extent that, among other things, it fails to state a claim upon which relief can be granted or seeks monetary damages from a party that is immune. In conducting this review, the court liberally construes Miranda-Pizarro's complaint because he is representing himself. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

#### b. Miranda-Pizarro must file an amended complaint by August 19, 2024, that complies with the basic pleading requirements of the Federal Rules of Civil Procedure

Miranda-Pizarro **shall by August 19, 2024,** file an amended complaint that complies with the basic pleading requirement of the Federal Rules of Civil Procedure, or this action will be dismissed. Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To be sure, "the requirements of Rule 8(a)(2) are minimal—but 'minimal requirements are not tantamount to nonexistent requirements.'" Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851

F.2d 513, 514 (1st Cir.1988)). Accordingly, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Id.

Here, Miranda-Pizarro states that his rights were violated while at Plymouth County Correctional Facility but includes no specifics. See Compl. 5. Miranda-Pizarro attaches copies of his grievance filed with the facility in which he claims "isolation is cruel." See Grievance 2, ECF No. 5-1. Based upon the paucity of allegations and information gleaned from the complaint and exhibits, Miranda-Pizarro has failed to comply with the basic pleading requirements of the Federal Rules of Civil Procedure.

In sum, Miranda-Pizarro shall be granted leave to file an amended complaint – a new stand-alone document – stating facts supporting each claim against each defendant and setting forth plausible claims upon which relief may be granted. In preparing the amended complaint, Miranda-Pizarro should not set forth his claims in a narrative format. Rather, the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." Id.

In essence, the amended complaint must succinctly set forth what Miranda-Pizarro claims each defendant did (or failed to do), where such actions occurred, when they occurred, and the relief he seeks as to each defendant and each claim. Put another way, a complaint must clearly identify the claims and relief Miranda-Pizarro seeks and provide sufficient factual bases for each of the elements of the claims that he asserts as to each defendant. While Miranda-Pizarro may include exhibits that are relevant to the claims, see Fed. R. Civ. P. 10(c), exhibits

are not required and the use of exhibits does not excuse Miranda-Pizarro of his responsibility to clearly and succinctly set forth the relevant allegations in the body of the amended complaint.

### 3. Miranda-Pizarro's Motion for Appointment of Counsel

Miranda-Pizarro's motion for appointment of pro bono counsel, ECF No. 3, is <u>DENIED</u> without prejudice. Although pursuant to the 28 U.S.C. §1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991). The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. <u>Id.</u>; 28 U.S.C. § 1915(e)(1). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." <u>Id.</u> At this stage of the proceedings, the motion is premature and, on this record, while Miranda-Pizarro appears indigent, he has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

### 4. Effect of Failure to Comply with this Order

Failure to comply with this Order will likely result in dismissal of this action. Summonses shall not issue except upon further order of the court.

**SO ORDERED.**

July 29, 2024                                        /s/ Indira Talwani
                                                    Indira Talwani
                                                    United States District Judge