UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**JOHANNS MIRANDA-PIZARRO,**

      **Plaintiff,**

      v.                                                                                                  **CIVIL ACTION NO. 24-cv-11547-IT**

**SHERIFF JOSEPH D. MCDONALD, JR., and
SUPERINTENDENT ANTONE MONIZ,**

      **Defendants.**

**ORDER**

September 25, 2024

**TALWANI, D.J.**

Before the court is Johanns Miranda-Pizarro's <u>Amended Complaint</u> [Doc. No. 10], and <u>Prisoner Account Statement</u> ("Prisoner Account Statement") [Doc. No. 11]. After review of Miranda-Pizarro's filings, the court rules as follows:

1. **The Initial Filing Fee Assessment Order is Revised**

The court's order [Doc. No. 7] regarding the assessment of the filing fee is amended as follows. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $ 3.97. The remainder of the fee, $ 346.03, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at Plymouth County Correctional Facility, along with the standard Notice to Prison form.

2. **Screening of the Amended Complaint**

    a. **Miranda-Pizarro's Amended Complaint is Subject to Screening under 28 U.S.C. § 1915**

The Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2) because Miranda-Pizarro is proceeding in forma pauperis. Under that statute, the court must

dismiss an action to the extent that, among other things, it fails to state a claim upon which relief can be granted or seeks monetary damages from a party that is immune. In conducting this review, the court liberally construes Miranda-Pizarro's complaint because he is representing himself. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### b. Miranda-Pizarro Shall File a Second Amended Complaint or the Action will be Dismissed

Miranda-Pizarro shall file a second amended complaint by **October 25, 2024** or this action will be dismissed. The amended complaint still fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure and therefore is subject to dismissal. Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To be sure, "the requirements of Rule 8(a)(2) are minimal—but 'minimal requirements are not tantamount to nonexistent requirements.'" Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). Accordingly, a second amended "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Id.

Here, Miranda-Pizarro's nine-sentence Amended Complaint alleges that Defendants violated "103 C.M.R. 430 (seq.)" with respect to his confinement at Plymouth County Correctional Facility. As an initial matter, Miranda Pizarro's premise that this regulation applies to the Plymouth County Correctional Facility is mistaken where the Plymouth County Correctional Facility, a county correctional facility, is not a Department of Corrections

institution. Compare 103 C.M.R. 430.03 ("103 CMR 430.00 is applicable to Department employees and **inmates incarcerated within Department institutions**…") (emphasis added) with 103 C.M.R. 900.01 ("103 CMR 900.00 through 979.00 establish standards for the care and custody of **all persons committed to any county correctional facility** and provisions for enforcement of such standards.") (emphasis added). Based upon Miranda-Pizarro's faulty premise, and the paucity of allegations of the amended complaint, Miranda-Pizarro has failed to comply with the basic pleading requirements of the Federal Rules of Civil Procedure.

Miranda-Pizarro is granted a final opportunity to file an amended complaint – a new stand-alone document – stating facts supporting each claim against each Defendant and setting forth plausible claims upon which relief may be granted. In essence, the second amended complaint must succinctly set forth what Miranda-Pizarro claims each Defendant did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to the Defendants as to each claim. To be clear, a single, conclusory paragraph will not suffice. In preparing the amended complaint, Miranda-Pizarro should not set forth his claims in a narrative format. Rather, the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." Id.

The caption must identify all defendants. Fed. R. Civ. P. 10(a). While Miranda-Pizarro may include exhibits that are relevant to the claims, see Fed. R. Civ. P. 10(c), exhibits are not required and the use of exhibits does not excuse Miranda-Pizarro of his responsibility to clearly

and succinctly set forth the relevant allegations in the body of the second amended complaint.

**SO ORDERED.**

September 25, 2024                                  /s/ Indira Talwani
                                                  Indira Talwani
                                                  United States District Judge